UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| EASTERN MAINE ELECTRIC COOPERATIVE INC., </br></br>   Plaintiff, </br></br> v. </br></br> FIRST WIND HOLDINGS LLC, et al., </br></br>   Defendants. | )</br>)</br>)</br>)</br>)</br>)  1:14-cv-00493-NT</br>)</br>)</br>)</br>) |

## RECOMMENDED DECISION

On November 18, 2014, Defendants removed this matter from the Maine Superior Court, citing this Court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Plaintiff did not oppose removal. In their Notice of Removal, Defendants (twelve LLCs) did not include the citizenship of their members. The Court, therefore, ordered Defendants to "file an affidavit by an authorized representative in which affidavit the representative shall identify the members of Defendant and the states in which the members are citizens." (Order of March 10, 2015, ECF No. 18.) [1]

In response to the Court's order, Defendants represented that as of the date of the filing, the members of the Defendant LLCs were other LLCs with citizenship in Delaware, Massachusetts, and Maryland, and that membership ultimately rests with SunEdison Holding Corporation, a Delaware corporation with a principal place of business in Missouri. (ECF Nos. 20-1, 20-2.) Based on Defendants' filing, Defendants' citizenship would be completely diverse

---

[1] "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. This provision allows courts to "remedy inadequate jurisdictional allegations, but not defective jurisdictional facts." *Newman–Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832.

from that of Eastern Maine Electric Cooperative, a Maine corporation with a Maine place of business.

Because the Court understood that Defendants' filing might reflect Defendants' citizenship as of a date after the filing of the Notice of Removal, the Court issued a further order directing Defendants either to represent that their filing reflected the citizenship as of the date of removal, or to assert their citizenship as of the date of removal. (Order of March 26, 2015, ECF No. 21.)

Defendants supplemented their jurisdictional showing with evidence that one day prior to the date of removal, SunEdison, Inc. and Terra Form Power, Inc., entered into a definitive agreement to purchase Defendant First Wind Holdings, LLC and all of the Defendant entities. Citing the agreement, Defendants argued that SunEdison and Terra Form Power were the real parties in interest as of the date of removal and that their citizenship should govern for purposes of diversity jurisdiction. (Second Jurisdictional Declaration of Michele E. Beasley, ECF No. 23; Defendants' Second Jurisdictional Statement, ECF No. 23-1.) Plaintiff subsequently objected to Defendants' position. (Plaintiff's Response to Defendants' Updated Submission on Diversity Jurisdiction, ECF No. 25.) Plaintiff argues that a party to a purchase and sale agreement does not have rights in the company to be acquired until the agreement closes. (*Id.* at 3.)[2]

As explained below, after a review of Defendants' Notice of Removal and the parties' supplemental filings, the recommendation is that the Court, on its own motion, remand the case to Maine Superior Court for lack of subject matter jurisdiction.

---

[2] In a telephonic conference on April 9, 2015, counsel for Defendants represented that a comprehensive investigation into the citizenship of First Wind, LLC's members prior to SunEdison's acquisition would be international in scope and impractical. In other words, realistically, Defendants would be unable to provide the name and citizenship of each member.

**Discussion**

"It is black-letter law that a federal court has an obligation to inquire sua sponte into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). For the exercise of diversity jurisdiction to be valid, there must be "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). In the context of removal, the relevant citizenship is the citizenship that existed on the date of removal. *D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 125 (1st Cir. 2011) (per curiam).[3] Additionally, the citizenship of an LLC is determined by the citizenship of its members. *Id.*; *see also Thomas v. Guardsmark, LLC,* 487 F.3d 531, 534–35 (7th Cir. 2007) ("[A]n LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well."). "[T]he removing party bears the burden of persuasion for the existence of federal jurisdiction." *Ortiz-Bonilla v. Federacion de Ajedrez de Puerto Rico, Inc.*, 734 F.3d 28, 34 (1st Cir. 2013). Accordingly, because Plaintiff was and remains a Maine domiciliary, for the Court to exercise diversity jurisdiction, Defendants must establish that none of their members were domiciled in Maine on the date of removal.

In *Grupo Dataflux v. Atlas Global Grp., L.P.*, the Supreme Court considered whether a case should be remanded to state court despite almost three years of discovery and a federal court trial that resulted in a jury verdict. 541 U.S. 567, 569 (2004). When the defendant, a Mexican corporation, filed its notice of removal, the plaintiff, a limited partnership, had two members who were Mexican nationals, which should have defeated diversity. *Id.* The Mexican partners,

---

[3] The time-of-filing rule in diversity actions "is the product of a policy decision that aims to promote certainty in diversity cases." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 93 (1st Cir. 2008).

however, had left the partnership before the start of the trial. *Id.* The Supreme Court held that the departure of the Mexican partners failed to cure the jurisdictional defect and, therefore, the Court vacated the Fifth Circuit's conclusion that the trial verdict could stand. *Id.* at 582 (5-4). The Supreme Court rejected the Fifth Circuit's conclusion, and the defendant's argument, that the issue should be resolved in a manner consistent with the outcome of *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996) (holding that jury verdict would stand where the diversity-destroying defendant settled and was dismissed from the case before the trial). The Court distinguished *Lewis* as a case in which a subsequent change in the actual parties established diversity, whereas in *Grupo Dataflux*, the parties to the action did not change. The Court noted: "To our knowledge, the Court has never approved a deviation from the rule articulated by Chief Justice Marshall in 1829 that '[w]here there is *no* change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574 (2004) (quoting *Conolly v. Taylor*, 27 U.S. 556, 565 (1829)).

In this case, as in *Grupo Dataflux*, the parties to the action did not change after removal. Instead, the membership of the Defendant LLCs changed after the date of removal. Through their filings, therefore, Defendants have not established that complete diversity existed on the date of removal.[4] Accordingly, the appropriate course is for the Court to remand the case to state court.[5]

---

[4] Defendants argue that the Court should consider SunEdison and Terra Form Power to be the real parties in interest and thus conclude that diversity exists. While a persuasive argument could be made that a court should consider a real party in interest as an additional party when assessing diversity, I am aware of no authority that permits a court to disregard the citizenship of an actual party when assessing diversity.

[5] Even if the decision in *Lewis* governed the decision in this case, the recommendation for remand would likely remain because the rationale for the holding in *Lewis*, *i.e.*, that "considerations of finality, efficiency, and economy become overwhelming" after a trial in federal court, 519 U.S. at 75, is not applicable in this case.

**Conclusion**

Because the record does not establish that this Court has jurisdiction of this matter, the recommendation is that the Court remand the matter to state court.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of April, 2015.